UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
09/10/2009

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| HARRISON E. VICKERS, | § | CASE NO.  06-35390-H3-7 |
| | § | |
| Debtor | § | |
| | § | |
| | § | |
| RANDALL H. STARK d/b/a THE | § | ADVERSARY NO. 07-3517 |
| STARK GROUP, LLC, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| vs | § | |
| | § | |
| HARRISON VICKERS, | § | |
| | § | |
| Defendant | § | |

## MEMORANDUM OPINION

The court held a hearing on its Order to Show Cause (Docket No. 15) directing counsel for Randall H. Stark d/b/a The Stark Group, LLC (Stark) to appear and show cause why the above captioned adversary proceeding should not be dismissed for failure to state a claim upon which relief can be granted.  The court has also considered the "Debtors' Motion to Dismiss Objection to Discharge" [sic] (Main Case, Docket No. 130) filed by Harrison Vickers, Debtor, in the above referenced chapter 7 bankruptcy case.  After review of the Memorandum In Response to the court's Show Cause (Docket No. 18) filed by Stark, the pleadings, docket sheet, and argument of counsel, the court makes the following Findings of Fact and Conclusions of Law dismissing the above captioned adversary proceeding and granting the Debtor's Motion to Dismiss Objection to Discharge.  A separate conforming Judgment will entered.  To the extent any of the Findings of Fact are

considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

On or about August 22, 2000, the state court case entitled "Randall H. Stark d/b/a The Stark Group, LLC vs. Harrison Vickers" (state court case) was filed in the 163rd Judicial District of Orange County, Texas, under Case No. B-000360-C. Stark alleged causes of action under Texas law for breach of contract, intentional interference with contract, and breach of fiduciary duty. Currently, the only remaining Defendant is Debtor.

Harrison Vickers, Debtor, filed a chapter 13 bankruptcy proceeding on October 3, 2006. Stark, through his counsel of record, filed a Notice of Appearance in Debtor's main case bankruptcy proceeding on May 11, 2007 (Main Case, Docket No. 78) and a proof of claim on June 20, 2007 (Main Case Claims' Register, Proof of Claim No. 12). Stark also filed a Motion for Relief from Stay (Main Case, Docket No. 79) to allow the state court case to proceed and this court lifted the automatic stay on June 20, 2007 (Main Case, Docket No. 87).

On June 28, 2007 Debtor filed an Objection to Stark's claim, which was thereafter amended on July 19, 2007 (Main Case, Docket Nos. 89 and 90). On July 20, 2007, Debtor filed a Notice of Removal of the state court case and a Motion To Transfer Venue in the United States District Court, Eastern District of Texas, Beaumont Division. On February 18, 2008, Debtor filed a Notice of Conversion of his chapter 13 proceeding to one under chapter 7 with Stark and Stark's counsel of record listed on the certificate of service (Main Case, Docket No.

2

109). Debtor's schedules include Stark's claim as a disputed unsecured debt with a value of zero (Main Case, Docket No. 112).

Upon conversion, a Chapter 7 Trustee was appointed and on March 3, 2008, the Clerk of Court issued the Notice of the March 26, 2008 creditors' meeting and the May 27, 2008 deadline for filing complaints objecting to discharge of the debtor or to determine dischargeability of certain debts (Main Case, Docket No. 111). The Notice was served on March 5, 2008 on all creditors, parties in interest, and those requesting notice, including Stark and his counsel of record (Main Case, Docket Nos. 111 and 115).

The Chapter 7 Trustee filed a No Asset Report on March 26, 2008. On March 27, 2008 the United States Magistrate for the Eastern District of Texas, Beaumont Division granted the Debtor's Motion To Transfer Venue of the removed state court case to the Southern District of Texas, Houston Division. The case was transferred and it was received by the Southern District of Texas Bankruptcy Court on April 17, 2008 and became the instant adversary proceeding.

On May 28, 2008, Debtor was granted a discharge under chapter 7, a Final Decree was entered and the Debtor's main case bankruptcy proceeding was closed (Main Case, Docket Nos. 125 and 126). On May 30, 2008, the Order of Discharge and the Final Decree were served on all creditors, parties in interest, and those requesting notice, including Stark and his counsel of record, (Main Case, Docket Nos. 127 and 128). The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. The term "debt" means liability on a claim. 11 U.S.C. § 101(12). The term

"claim" means: right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.  11 U.S.C. § 101(5).

Section 523(a) of the Bankruptcy Code specifically excepts various categories of debts from the discharge granted under section 727, one of which is a debt for willful and malicious injury by the debtor to another entity or to the property of another entity.  11 U.S.C. § 523(a)(6).  Stark contends that the unliquidated debt which is the subject of the state court case is not subject to discharge pursuant to section 523(a)(6).  Section 523(c)(1) gives the bankruptcy court exclusive jurisdiction to determine the dischargeability of debts excepted from discharge under section 523(a)(6).  It also requires a creditor, who is owed a debt that may be excepted from discharge on this basis, to timely initiate proceedings in the bankruptcy court for an exception to discharge.  If the creditor does not act, the debt is discharged.

Bankruptcy Rule 4007 provides that a proceeding for the dischargeability of a debt is initiated by a complaint and governed by the rules applicable to an adversary proceeding.  Fed. R. Bankr. P. 4007 and 7001.  Bankruptcy Rule 4007(c) sets a fixed deadline for filing complaints to determine the dischargeability of a debt under

section 523(c). The complaint must be filed within 60 days after the date first set for the meeting of creditors. Bankruptcy Rule 4007(c) permits the court to extend the deadline only upon a properly filed motion and for cause. The extension request must be filed prior to the expiration of the initial deadline for filing the complaint. If the motion is not filed within that time period, the court has no discretion to grant the extension of time. Fed. R. Bankr. P. 4007(c) and 9006(b)(3).

May 27, 2008 was the deadline to file objections to discharge or dischargeability of debts and no complaints were filed by any party, including Stark. The court notes that on February 25, 2009, in Debtor's main bankruptcy case, Stark filed a two and one-half page document entitled "Objection to Discharge of Debtor" (Objection) which includes allegations that Stark's claim against Debtor is exempt from discharge under section 523(a)(6). Bankruptcy Rules 4007 and 7001 require that an objection to dischargeability of debt must be raised by an adversary complaint. Stark did not file his request in the prescribed form of an adversary complaint nor did he file it in a timely fashion.

In response to the court's Show Cause Order Stark admits that the Objection was not timely filed but submits that the untimeliness constitutes, at most, excusable neglect and cites Bankruptcy Rule 9006(b)(1). Stark claims that his failure to meet the May 27, 2008 deadline was the result of the instant case "being bounced around from court to court." Rule 9006(b)(1) permits the court to enlarge a specified time period after the expiration of the

5

period where the failure to act was the result of excusable neglect. However, Rule 9006(b)(3) expressly limits the court's authority to enlarge the time period under Rule 4007(c) for filing a cause of action under section 523(a)(6). Rule 9006(b)(3) allows the court to enlarge the time only to the extent and under the conditions stated in Bankruptcy Rule 4007(c).

Rule 4007(c) requires a motion to extend the time period to be filed prior to the expiration of the initial deadline. Further, even assuming that Stark filed a timely motion to extend time under Rule 4007(c), a showing of "excusable neglect" is not considered a sufficient basis for granting the extension as Rule 9006 is not applicable to requests for extending the deadline of Rule 4007(c). *In re Tatum*, 60 B.R. 335 (Bankr. D. Colo. 1986).

The facts of this case reflect that Stark participated in Debtor's bankruptcy case as early as May 11, 2007 (Notice of Appearance filed, Main Case Docket No. 78). During 2007, Stark had the automatic stay lifted to continue with the state court case while it was still pending in state court, he filed a proof of claim, and he responded to and participated in multiple hearings on Debtor's Objection to his claim. The court recognizes that, while participating in Debtor's main bankruptcy case, Stark was also involved in the state court case during the time it was pending in the 163rd Judicial District Court, Orange County, Texas and during the time of its removal to the Eastern District of Texas, Beaumont Division. Stark contends that the time lapse between the state court case's being removed to the Eastern District of Texas (July 20, 2007)

and its being transferred to this court (April 17, 2008) contributed to the fact that he did not file a timely dischargeability complaint.

Debtor's case was converted to chapter 7 on February 18, 2008 and Stark and his counsel of record were served with the Notice of Conversion.  On March 5, 2008, Stark and his counsel of record were also served with the Notice setting forth the date of the creditors' meeting as well as the deadline for filing dischargeability complaints.  In its March 27, 2008 ruling transferring the state court case to this District, the court for the Eastern District of Texas referenced the conversion of the main bankruptcy case to chapter 7 and the fact that the dischargeability of Stark's debt may become an issue.  Docket No. 12, Memorandum Opinion.  Despite the fact that Stark was served on March 5, 2008 with the Notice of the dischargeability deadline and that the issue of the dischargeability of the debt was alluded to in the March 27, 2008 ruling by the Eastern District of Texas, Stark failed to act prior to May 27, 2008.

The court finds that the claim of Randall H. Stark and/or The Stark Group, LLC represented by the instant Adversary Proceeding, the removed state court case, has been discharged.  As such, the Adversary Complaint fails to state a claim upon which relief can be granted.

Based upon the above and foregoing, the court dismisses the above captioned bankruptcy proceeding and grants the Debtor's Motion

To Dismiss Objection To Discharge.  A separate conforming Judgment will entered this same date.

    SIGNED at Houston, Texas this 10th day of September, 2009.

*[Signature]*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE